# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHOBANI, LLC,<br><br>         Plaintiff,<br><br>v.<br><br>THE DANNON COMPANY, INC.,<br><br>         Defendant. | **CIVIL ACTION NO. 3:16-cv-00030-DNH-DEP**<br><br>**ECF Case**<br><br>**Hon. David N. Hurd**<br><br><br>**DEMAND FOR JURY TRIAL** |
| THE DANNON COMPANY, INC.,<br><br>         Counterclaim Plaintiff,<br><br>v.<br><br>CHOBANI, LLC,<br><br>         Counterclaim Defendant. | |

## PARTIAL[1] ANSWER TO COMPLAINT AND COUNTERCLAIMS

Defendant and Counterclaim Plaintiff The Dannon Company, Inc. ("Dannon"), by and through its attorneys, answers the Complaint for Declaratory Judgment (the "Complaint") filed by Plaintiff and Counterclaim Defendant Chobani, LLC ("Chobani"), in the above-captioned matter as follows:

---

[1] In its Complaint, Chobani purports to allege facts and assert causes of action that are part of a proceeding pending before the National Advertising Division of the Council of Better Business Bureaus (the "NAD"). In the Rule 12(b) motion filed concurrently herewith, Dannon seeks immediate dismissal or, in the alternative, a stay of Count III and Count IV of Chobani's Complaint. Accordingly, Dannon does not herein answer those paragraphs of the Complaint which concern the subject matter of the NAD proceeding, and reserves all rights in regard thereto.

## ANSWER

1.      Paragraph 1 of the Complaint states a legal conclusion to which no response is required.  To the extent any response is required, Dannon denies the allegations in this paragraph.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3.      Admits the allegations contained in paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint states a legal conclusion to which no response is required.  To the extent any response is required, Dannon denies the allegations in this paragraph.

5.      Paragraph 5 of the Complaint states a legal conclusion to which no response is required.  To the extent any response is required, Dannon admits that this Court has subject matter jurisdiction over this action.

6.      Paragraph 6 of the Complaint states a legal conclusion to which no response is required.  To the extent any response is required, Dannon denies that venue is proper in this District as to Counts III and IV.

7.      Paragraph 7 of the Complaint states a legal conclusion to which no response is required.  To the extent any response is required, Dannon avers that this Court has personal jurisdiction over Dannon.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11.     Admits that on January 6, 2016 Chobani launched a multi-media ad campaign, denies the remaining allegations , including the characterization of the campaign.

12.     Admits that the advertising campaign referenced in paragraph 12 of the Complaint asserts various claims concerning Dannon products, but denies the truth of such claims.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, but to the extent Chobani characterizes its advertising, Dannon refers to the document in its entirety for its content.

14.     Denies the allegations contained in paragraph 14 of the Complaint.

15.     Denies the allegations contained in paragraph 15 of the Complaint, except admits that sucralose is made from a multi-step process that substitutes three atoms of chlorine for three hydroxyl groups in the sugar molecule.

16.     Denies the allegations contained in paragraph 16 of the Complaint to the extent they incorporate and/or assume the allegations set forth in paragraph 14 except admits that sucralose is made from a multi-step process that substitutes three atoms of chlorine for three hydroxyl groups in the sugar molecule.

17.     Admits the allegations contained in paragraph 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19.     Denies the allegations contained in paragraph 19 of the Complaint.

20.     Denies the allegations contained in paragraph 20 of the Complaint, and refers to

the advertising referenced in this paragraph in its entirety for its content.

21.     Denies the allegations contained in paragraph 21 of the Complaint, and refers to the statements referenced in this paragraph in their entirety for their content.

22.     Denies the allegations contained in paragraph 22 of the Complaint on the grounds that the referenced statements are quoted selectively, avers that Dannon's statements speak for themselves, and refers to the statements referenced in this paragraph in their entirety for their content.

23.     Denies the allegations contained in paragraph 23 of the Complaint, except admits that counsel for Dannon sent a letter to Chobani on or about the time alleged, avers that the letter speaks for itself, and refers to the letter referenced in this paragraph in its entirety for its content.

24.     Denies the allegations contained in paragraph 24 of the Complaint insofar as they call for a legal conclusion to which no response is required.

25.     Dannon does not answer this portion of the Complaint, and reserves all rights in regard thereto, because the allegations contained in paragraph 25 of the Complaint concern the subject matter of the NAD proceeding and are subject to dismissal/or stay.

26.     Dannon does not answer this portion of the Complaint, and reserves all rights in regard thereto, because the allegations contained in paragraph 26 of the Complaint concern the subject matter of the NAD proceeding and are subject to dismissal/or stay.

27.     Dannon does not answer this portion of the Complaint, and reserves all rights in regard thereto, because the allegations contained in paragraph 27 of the Complaint concern the subject matter of the NAD proceeding and are subject to dismissal/or stay.

28.     Dannon does not answer this portion of the Complaint, and reserves all rights in regard thereto, because the allegations contained in paragraph 28 of the Complaint concern the

subject matter of the NAD proceeding and are subject to dismissal/or stay.

29.     Dannon does not answer this portion of the Complaint, and reserves all rights in regard thereto, because the allegations contained in paragraph 29 of the Complaint concern the subject matter of the NAD proceeding and are subject to dismissal/or stay.

30.     Dannon does not answer this portion of the Complaint, and reserves all rights in regard thereto, because the allegations contained in paragraph 30 of the Complaint concern the subject matter of the NAD proceeding and are subject to dismissal/or stay.

31.     Dannon does not answer this portion of the Complaint, and reserves all rights in regard thereto, because the allegations contained in paragraph 31 of the Complaint concern the subject matter of the NAD proceeding and are subject to dismissal/or stay.

32.     Dannon does not answer this portion of the Complaint, and reserves all rights in regard thereto, because the allegations contained in paragraph 32 of the Complaint concern the subject matter of the NAD proceeding and are subject to dismissal/or stay.

33.     Dannon does not answer this portion of the Complaint, and reserves all rights in regard thereto, because the allegations contained in paragraph 33 of the Complaint concern the subject matter of the NAD proceeding and are subject to dismissal/or stay.

34.     Dannon does not answer this portion of the Complaint, and reserves all rights in regard thereto, because the allegations contained in paragraph 34 of the Complaint concern the subject matter of the NAD proceeding and are subject to dismissal/or stay.

35.     Dannon does not answer this portion of the Complaint, and reserves all rights in regard thereto, because the allegations contained in paragraph 35 of the Complaint concern the subject matter of the NAD proceeding and are subject to dismissal/or stay.

## COUNT I

36.     In response to this paragraph, Dannon repeats and realleges its responses contained in all of the preceding paragraphs of this Answer.

37.     Admits the allegations contained in paragraph 37 of the Complaint.

38.     Denies the allegations contained in paragraph 38 of the Complaint.

39.     Paragraph 39 of the Complaint states a legal conclusion to which no response is required.  To the extent any response is required, Dannon denies the allegations in this paragraph.

40.     Paragraph 40 of the Complaint states a legal conclusion to which no response is required.  To the extent any response is required, Dannon denies the allegations in this paragraph.

## COUNT II

41.     In response to this paragraph, Dannon repeats and realleges its responses contained in all of the preceding paragraphs of this Answer.

42.     Admits the allegations contained in paragraph 42 of the Complaint.

43.     Denies the allegations contained in paragraph 43 of the Complaint.

44.     Paragraph 44 of the Complaint states a legal conclusion to which no response is required.  To the extent any response is required, Dannon denies the allegations in this paragraph.

45.     Paragraph 45 of the Complaint states a legal conclusion to which no response is required.  To the extent any response is required, Dannon denies the allegations in this paragraph.

## COUNT III

46.     Dannon does not answer this portion of the Complaint, and reserves all rights in regard thereto, because the allegations contained in paragraph 46 of the Complaint concern the subject matter of the NAD proceeding and are subject to dismissal/or stay.

47.     Dannon does not answer this portion of the Complaint, and reserves all rights in regard thereto, because the allegations contained in paragraph 47 of the Complaint concern the subject matter of the NAD proceeding and are subject to dismissal/or stay.

48.     Dannon does not answer this portion of the Complaint, and reserves all rights in regard thereto, because the allegations contained in paragraph 48 of the Complaint concern the subject matter of the NAD proceeding and are subject to dismissal/or stay.

49.     Dannon does not answer this portion of the Complaint, and reserves all rights in regard thereto, because the allegations contained in paragraph 49 of the Complaint concern the subject matter of the NAD proceeding and are subject to dismissal/or stay.

50.     Dannon does not answer this portion of the Complaint, and reserves all rights in regard thereto, because the allegations contained in paragraph 50 of the Complaint concern the subject matter of the NAD proceeding and are subject to dismissal/or stay.

## COUNT IV

51.     Dannon does not answer this portion of the Complaint, and reserves all rights in regard thereto, because the allegations contained in paragraph 51 of the Complaint concern the subject matter of the NAD proceeding and are subject to dismissal/or stay.

52.     Dannon does not answer this portion of the Complaint, and reserves all rights in regard thereto, because the allegations contained in paragraph 52 of the Complaint concern the subject matter of the NAD proceeding and are subject to dismissal/or stay.

53.     Dannon does not answer this portion of the Complaint, and reserves all rights in

regard thereto, because the allegations contained in paragraph 53 of the Complaint concern the subject matter of the NAD proceeding and are subject to dismissal/or stay.

54.     Dannon does not answer this portion of the Complaint, and reserves all rights in regard thereto, because the allegations contained in paragraph 54 of the Complaint concern the subject matter of the NAD proceeding and are subject to dismissal/or stay.

55.     Dannon does not answer this portion of the Complaint, and reserves all rights in regard thereto, because the allegations contained in paragraph 55 of the Complaint concern the subject matter of the NAD proceeding and are subject to dismissal/or stay.

## PRAYER FOR RELIEF

Dannon denies that Chobani is entitled to any of the relief set forth in the "WHEREFORE" paragraphs, including subparts, on pages 9-10 of the Complaint.

## AFFIRMATIVE DEFENSES

Dannon asserts the following affirmative defenses without assuming any burden of proof or persuasion that would otherwise remain with Chobani.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Chobani's claims are barred in whole or in part by the doctrines of estoppel and unclean hands .

### THIRD AFFIRMATIVE DEFENSE

Chobani's claims are barred to the extent that they seek an advisory opinion.

## FOURTH AFFIRMATIVE DEFENSE

Chobani's claims are barred in whole or in part because Chobani has an adequate remedy at law.

## FIFTH AFFIRMATIVE DEFENSE

Chobani's claims are barred in whole or in part because Chobani has failed to exhaust its administrative and alternative remedies.

## DANNON'S COUNTERCLAIMS AGAINST CHOBANI

Pursuant to Federal Rule of Civil Procedure 13, Dannon counterclaims against Chobani, and in support thereof, alleges as follows:

## NATURE OF THE COUNTERCLAIMS

1.      These counterclaims are for false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), product disparagement under New York common law, and related violations of New York consumer protection laws.

2.      Dannon and Chobani are competitors in the yogurt market.  Beginning on or about January 6, 2016, and continuing through the present date, Chobani commenced a national advertising and marketing campaign touting the health benefits of its Chobani Simply 100 products ("Simply 100") in print; upon information and belief, on television; and in digital and social media, with false information about the health and safety of Dannon's products and falsely emphasizing the relative health benefits of its own product (the "Campaign").

3.      The Campaign falsely claims that Dannon's Light & Fit® Greek nonfat yogurt ("Light & Fit® Greek"): (i) has added chlorine; (ii) contains an ingredient – sucralose – that is "bad stuff", unhealthy and unsafe, and has "chlorine added to it;" (iii) should be thrown away because it is bad, unhealthy and unsafe; (iv) contains the type of chlorine found in swimming

pools; and (v) makes the false comparison that Chobani products are good and Dannon products are "bad" because Dannon products purportedly contain chlorine when Chobani products purportedly do not.

4.      In fact, Dannon does not add chlorine to Light & Fit® Greek.

5.      Sucralose has been found to be safe, beneficial and approved for use in the food supply by the United States Food & Drug Administration ("FDA"); and chlorine is not added to sucralose.

6.      Light & Fit® Greek is not "bad stuff" that should be thrown away by consumers; it provides an ideal food option for consumers who need to be mindful of their sugar intake, and is targeted to health-conscious consumers.

7.      The safe and FDA-approved ingredient sucralose, which results from the addition of three ionic chlorine atoms, called "chlorides," to the sugar molecule, is **not** the same as calcium hypochlorite, the poisonous chemical compound commonly called "chlorine" that is used in disinfecting swimming pools.

8.      Comparing the Chobani product as good, safe and healthy to the Dannon product as "bad" based on the purported presence of "chlorine" in Light & Fit® Greek is false and misleading.

9.      Chlorine, in the form of chlorides, is necessary to human life, and occurs naturally in the earth and within a number of food sources, such as milk, salt, olives, celery, seaweed, and rye. As a component of milk, all milk-based yogurt – including Chobani Simply 100 – contains chlorine in the form of chlorides.

10.     By misrepresenting the ingredients of both Light & Fit® Greek and Chobani Simply 100, Chobani deliberately seeks to use false and deceptive means to cannibalize market

share from Dannon and to undermine the trust that the consuming public has in Dannon and the Light & Fit® Greek brand.

11.    Dannon is a trusted household brand and, because of Chobani's false advertising, it now risks losing the trust of its existing customers and the goodwill that it has spent over seven decades and hundreds of millions of dollars cultivating.

12.    Chobani's misrepresentations are also injurious to consumers because by misrepresenting the health and safety of both sucralose and Dannon Light & Fit® Greek, Chobani inhibits the ability of consumers to make informed choices about their diets.

13.    Contrary to the claims made in the Chobani Campaign, sucralose has been proven safe for consumers, and is a healthy alternative for many individuals who must be mindful of their sugar intake.

14.    The falsities and misrepresentations in the Campaign harm consumers by wrongfully frightening them into believing that perfectly safe and nutritious products such as Dannon Light & Fit® Greek are harmful, which takes advantage of consumers and diminishes their ability to make informed choices about their own health and nutrition.

15.    Immediately upon learning of Chobani's false advertising, Dannon objected to Chobani's conduct.

16.    In a letter dated January 7, 2016, counsel for Dannon notified Chobani that the Chobani Campaign violates the Lanham Act and New York law, and demanded that Chobani immediately cease all current and planned dissemination of the advertisements.

17.    Chobani did not reply, and instead filed a Complaint for Declaratory Judgment in this Court.

18.    Chobani has not removed its advertising Campaign from circulation, and instead

has persisted in its course of action which will continue to mislead and deceive consumers nationwide.

19.     Accordingly, Dannon is entitled to judgment that Chobani is liable for false advertising under the Lanham Act and related state law.  Dannon is entitled to, among other things, an award of a temporary restraining order to force Chobani to immediately cease from the Campaign, which is false and misleading, as well as preliminary and permanent injunctive relief, including an order directing Chobani to remove from circulation all advertisements containing false, misleading, and disparaging statements about Dannon's products. Dannon is also entitled to an award of substantial damages.

## THE PARTIES

20.     Dannon is a Delaware corporation with principal offices located at 100 Hillside Avenue, White Plains, New York.

21.     Chobani is a Delaware company with principal offices located at 147 State Highway 320, Norwich, New York.

## JURISDICTION AND VENUE

22.     These counterclaims are for: (a) false advertising under 15 U.S.C. § 1125(a); (b) product disparagement under the common law of New York; (c) deceptive acts or practices under New York General Business Law § 349; and (d) false advertising under New York General Business Law § 350.

23.     This Court has original subject matter jurisdiction pursuant to 15 U.S.C. §§ 1116(a) and 1121(a) and 28 U.S.C. §§ 1331 and 1338 over the claims arising under the laws of the United States. This Court has supplemental jurisdiction over the remaining claims in this Complaint pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the

federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

24.     This Court has personal jurisdiction over Chobani because Chobani has a continuous, systematic, and substantial presence within this judicial district by virtue of having its principal place of business within this judicial district. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)-(d), in that a substantial part of the events giving rise to the claims herein, including, but not limited to, the sale of the products that are the subject of these counterclaims and the dissemination of the advertisements that are the subject of these counterclaims, occurred within this judicial district.

## GENERAL ALLEGATIONS

### A.     The Parties and the Products

25.     Dannon is based in New York and produces many yogurt and dairy products under numerous brand names. Dannon products are sold in well over 35,000 retail outlets, such as supermarkets, convenience stores, cafes, etc., as well as online retail outlets. Dannon products are also carried by institutions such as hospitals, hotels, schools, and the like.

26.     Dannon was founded in the Bronx, New York, and has operated in New York since 1942.  It has expended hundreds of millions of dollars growing and building its brand equity. As a result, Dannon has developed a reputation as a trusted and reliable brand of yogurt and dairy products because of its innovative and delicious products, credible marketing and quality manufacturing.

27.     In 1988, Dannon introduced a reduced-calorie, nonfat yogurt initially called "Dannon Light," which is now marketed under the Dannon Light & Fit® brand. Over time,

Dannon has become famous in the United States for its light yogurts and has developed enormous goodwill in its light products.

28.     Dannon Light & Fit® is the leading brand of light yogurt in the United States. The Dannon Light & Fit® brand is the company's top seller.

29.     Dannon Light & Fit® is an ideal food option for individuals who need to be mindful of their sugar intake, and is targeted to health-conscious consumers, often women, who make purchasing decisions for themselves and for their families.

30.     Over time, as a result of developing health trends, Dannon has produced specific healthy sub-brands of its Light & Fit® products. One such sub-brand, which was introduced in 2012, is Dannon Light & Fit® Greek nonfat yogurt. This was the first 80 calorie Greek nonfat yogurt on the market.

31.     In general, light yogurts have a boom period in the first three months of each year, as this is the time when most American consumers resolve to make positive changes relating to weight loss, fitness, and overall health and diet. Dannon's highest proportion of sales of light yogurt routinely occurs during the first quarter of each calendar year. This is also the time of year when new yogurt products are most commonly tried by consumers for the first time.

32.     The first quarter of the year is the most critical time for Dannon to strengthen its relationship with existing consumers and to acquire new consumers. As a result, Dannon's marketing and sales efforts during each year's first quarter are crucial to the success of the business.

**B.      Chobani's False Advertising Campaign**

33.     Chobani's Campaign includes at least: upon information and belief, a television commercial (the "Commercial"); a print advertisement (the "Print Ad"); and digital/social media

content (the "Digital Content").

34.     Beginning in early January 2016, Chobani has preyed on consumers' desire for self-improvement by launching the Campaign, which makes material misrepresentations about the healthful qualities and characteristics of Dannon's Light & Fit® Greek. Specifically, Chobani's Campaign falsely claims that Dannon Light & Fit® Greek (i) has added chlorine; (ii) contains an ingredient – sucralose – that is "bad stuff," unhealthy and unsafe, and has "chlorine added to it;" (iii) should be thrown away because it is bad, unhealthy and unsafe; and (iv) contains the type of chlorine found in swimming pools; and the Campaign also (v) makes the false comparison that Chobani products are good and Dannon products are "bad" because Dannon products purportedly contain chlorine when Chobani products purportedly do not.

35.     The Campaign deceptively makes the false comparison that Chobani Simply 100 contains no "bad," unhealthy or unsafe ingredients and is therefore a healthier choice for consumers.

36.     The false, deceptive, disparaging, and misleading statements, claims, and comparisons that Chobani makes in its Campaign will deceive consumers, and has and will continue to cause harm to Dannon and to the consuming public.

37.     Dannon is not the only competitor that Chobani has targeted with false and misleading claims and the hashtag #NOBADSTUFF.

**Chobani's Simply 100 Commercial**

38.     Upon information and belief, on or about January 6, 2016, Chobani began airing the Commercial on television and via the Internet.  The Commercial makes false, deceptive, disparaging, and misleading statements and claims about the qualities of Dannon Light & Fit® Greek.

39.     The Commercial features a woman sitting by a prominently featured swimming pool who picks up and reviews the nutrition label of a cup of Dannon Light & Fit® Greek nonfat yogurt.  A voiceover states: "Dannon Light & Fit Greek actually uses artificial sweeteners like sucralose. Sucralose? Why? That stuff has chlorine added to it."  The woman, apparently reacting to the voiceover, makes a disgusted face and throws the cup of Light & Fit® Greek into a waste receptacle, before proceeding to eat Chobani Simply 100 Greek yogurt instead.

40.     The scene shifts to a child jumping into the chlorinated swimming pool and concludes with the printed hashtag stating that Chobani Simply 100 Greek yogurt contains "#NOBADSTUFF."  Screenshots from the Commercial are attached hereto as **Exhibit A**, and the video can be viewed at the following website: https://youtu.be/_9qM-bdH6Rg.

41.     Chobani's Commercial unambiguously conveys the false and misleading message that because of its ingredients, Dannon Light & Fit® Greek is somehow unsafe, unhealthy, or "bad"; that Chobani does not contain these same ingredients; and that Chobani is therefore safer and healthier than Dannon Light & Fit® Greek.

42.     In fact, Chobani Simply 100 Greek yogurt contains the same chlorine that it insinuates is found in Light & Fit® Greek.

**The Chobani Simply 100 Print Advertisement**

43.     Chobani has also created a Print Ad that, upon information and belief, it intends to publish in major periodicals, such as the Boston *Globe*, in January 2016. Indeed, on January 10, 2016, the Print Ad appeared in the New York *Times*. An image of the Print Ad that appeared in the New York Times is attached as **Exhibit B**.

44.     The Print Ad begins with the header "Did You Know Not All Yogurts Are Equally Good For You?" and continues: "You think you are doing something good for yourself

and your family [b]y buying yogurt instead of bad stuff [a]nd then you find out the bad stuff* [i]s in your yogurt!"  The asterisk references a footnote far to the bottom of the ad in small, barely legible type, which reads "Artificial Ingredients."

45.     The Print Ad includes an arrow pointing to what appears to be the back of a cup of Dannon Light & Fit® Greek, highlighting the nutritional facts and the ingredients.  A caption reads, "There's sucralose used as a sweetener in Dannon Light & Fit Greek!  Sucralose?  Why?  That stuff has chlorine added to it!"

46.     The Print Ad closes with the statement, "If you want to do healthy things, know what's in your cup.  Chobani Simply 100 is the *only* 100-Calorie Greek Yogurt without a trace of any artificial sweeteners or artificial preservatives."

47.     The Print Ad therefore adds to the false and misleading claims in the Commercial by emphasizing that Dannon Light & Fit® Greek includes "bad," unhealthy and unsafe ingredients, and that Chobani Simply 100, by contrast, contains no bad ingredients and is healthy and safe.  The Print Ad further adds to the false comparison by claiming that Dannon Light & Fit® Greek contains chlorine, while Chobani's Simply 100 Greek does not, when this fact is simply untrue.

**The Chobani Simply 100 Digital Content**

48.     Chobani's Campaign also utilizes Digital Content, consisting of a website and corresponding social media tools, designed to further spread Chobani's material falsehoods among consumers.  Screenshots from Chobani's website and Twitter feed are attached as **Exhibit C**.

49.     The Digital Content arm of the Campaign, conveyed via Chobani's Twitter feed, states in posts dated January 6, 2016 and January 8, 2016 that "Not all yogurts are equally good for you," and encourages consumers to "get the facts" at the Chobani Simply 100 website.

50.     The Chobani Simply 100 website, located at http://thelightthatsright.com, includes the headers, "Did You Know Not All Yogurts Are Equally Good For You?" and "Chobani Simply 100 Is The Only 100-Calorie Greek Yogurt With Zero Artificial Sweeteners Or Preservatives," which are set to a backdrop of a still image of the print advertisement and clips from the Commercial.

51.     A prominent portion of the website states in large text, "Do You Know What's In Your Cup? ... Scroll over to compare our ingredients with those in other light yogurts to see what's really inside." The content includes an image of Dannon Light & Fit® Greek nonfat yogurt that, when selected, displays the product's nutrition label and lists several items identified in an alarming large red font as "artificial," a visual impression which is likely to falsely convey to consumers that the ingredients are harmful when, in fact, they are not.

## C.     False Statements in Chobani's Ads

52.     The unambiguous message of Chobani's Campaign is that (1) sucralose is "bad," unhealthy, or unsafe; (2) Dannon Light & Fit® Greek contains added chlorine and is therefore harmful and unhealthy; (3) that Dannon Light & Fit® Greek is unsafe, unhealthy, and should be discarded by consumers; (4) the chlorine in sucralose is the same as the chlorine used to clean and disinfect swimming pools; and (5) Chobani Simply 100 is healthier and safer for consumers than Dannon Light & Fit® Greek because it does not contain sucralose or chlorine. Each of these claims and comparisons is false.

## Sucralose is Not "Bad" or Harmful

53.     Chobani's claim that sucralose and Dannon Light & Fit® Greek are "bad," and thus unhealthy or unsafe, is literally false.  Sucralose, a zero-calorie, non-nutritive sweetener, has been approved as a general purpose sweetener by the FDA since 1999.  Sucralose has been extensively studied and the FDA reviewed more than 110 safety studies in approving the use of sucralose as a general purpose sweetener for food.  Numerous countries in the world have approved sucralose for use in food.

54.     Sucralose is commonly marketed as Splenda®, SucraPlus and many other brand names.  It is an ingredient found in a wide variety of food and beverage products, including beverages, chewing gum, gelatins and dairy products, and can be used in cooking and baking.

55.     The widespread incorporation of sucralose in food products relates to: (i) its no-calorie sweetening benefit (which is particularly important for consumers who are careful with sugar intake, diabetic, overweight, or avoiding sugar for other health reasons); (ii) the fact that it does not promote dental cavities; and (iii) the fact that it is safe for consumption as a sweetener by consumers.  In fact, the just-published 2015-2020 Dietary Guidelines for Americans accord with the view of leading global authorities – such as the European Food Safety Agency and the FDA – that low-calorie sweeteners, including sucralose, are safe to consume.

**Dannon Light & Fit® Greek Does Not Have Chlorine Added To It**

56.     Everything material is built on atoms.  Chlorine is one of those atoms, along with carbon, oxygen and many others. Atoms are very often found combined to make molecules of different size and properties. The chemical composition of sucralose is $C_{12}H_{19}O_8Cl_3$.  Thus, sucralose is a molecule with 12 carbons, 19 hydrogen, 8 oxygen, hydrogen and 3 chlorine atoms linked together in a particular form that is very stable and safe to eat.

57.   In other words, sucralose is made through a process in which three atoms of chlorine are substituted for three hydrogen-oxygen groups on the sucrose molecule. Accordingly, sucralose – like many other ingredients found in food – contains chlorine atoms in the form of a chloride.

58.   While Dannon uses sucralose in its product because of the benefits of sucralose, no chlorine is ever added to this ingredient.  To state that Dannon products have chlorine added to them is literally false.

**The Presence of Sucralose Does Not Render Dannon Light & Fit® Greek Unhealthy or Harmful**

59.   The message that consumers should throw away or avoid Dannon Light & Fit® Greek because it contains sucralose is false.

60.   As more fully explained above, sucralose is perfectly safe and approved by the FDA for use in numerous food and drink products.  The chloride found within sucralose is not harmful, as chloride is naturally occurring and is necessary for all forms of life, including humans.  Indeed, chloride is naturally found in a number of food sources.

61.   Sucralose is often recommended to and preferred by consumers who must be mindful of their sugar intake.

62.   The Campaign's necessary implication that the presence of sucralose renders Light & Fit® Greek an unhealthy or unsafe product is literally false.

**Dannon Light & Fit® Greek Does Not Contain the Type of Chlorine Used to Clean Swimming Pools**

63.   Dannon Light & Fit® Greek does not contain the same chlorine as is used to clean swimming pools.

64.     The common term "Chlorine," to refer to the product used to clean swimming pool water, is a combination of chlorine and oxygen and other materials such as calcium.

65.     Calcium hypochlorite, which is used as a bleach or disinfectant, is not the same as a chloride, and could be harmful if ingested in food.  It is distinct both chemically and practically from the chlorine atom, and from the chloride found in sucralose.

66.     Calcium hypochlorite is not found in, or used to manufacture, any Dannon product.  It is not used in sucralose.  To suggest otherwise, as the Commercial does by its prominent focus on a swimming pool, is misleading and harmful to consumers.

**All of Chobani's Yogurts Contain Chlorine, and The Absence of Sucralose Does Not Render Chobani Simply 100 a Healthier or Safer Product**

67.     Finally, the Campaign makes a false comparison between Dannon Light & Fit® Greek and Chobani Simply 100 by implying that Light & Fit® Greek contains chlorine while Chobani Simply 100 does not, and that Chobani Simply 100 is therefore healthier and safer than Light & Fit® Greek.  In reality, and as explained more fully above, the only chlorine structure found within Light & Fit® Greek is in the form of the chloride ion.

68.     Chlorides are found throughout nature, and are necessary to many forms of life. In humans, the chloride ion (Cl-) is an essential electrolyte responsible for (among many other things) regulating fluid in and out of cells, transmission of nerve impulses and maintaining acid/base balance. Chlorides are also found in numerous food sources, such as salt (NaCl), olives, celery, seaweed, rye and milk.

69.     "Greek style" yogurts contain chlorine in the form of chlorides.  For example, Chobani's Simply 100 "Crunch" (all 3 SKUs) contain "baking soda."  The processing of this ingredient includes salt, a chloride formed by combining sodium and chlorine, chemically known as NaCl.  These SKUs also contain salt (NaCl) as a separate ingredient.

70.     Notably, *all* of Chobani's yogurts, including its Simply 100 products, are made with milk, which contains chlorine in the form of potassium chloride (KCl) and sodium chloride (NaCl).

71.     Accordingly, the implication that Chobani Simply 100 is healthier than Dannon Light & Fit® Greek nonfat yogurt because of its chlorine or chloride content is blatantly false, because both products contain chlorine in the form of chloride, and neither product contains swimming pool chlorine.

72.     The Campaign therefore creates a comparison between Dannon Light & Fit® Greek nonfat yogurt and Chobani Simply 100 that is false and deceptive.

**D.      Harm Caused by Chobani's False Advertising**

73.     Upon information and belief, Chobani intends to use the Campaign throughout the entirety of the crucial first-quarter period of the year, during which time consumers are more receptive to food health claims and Dannon's ability to attract new and retain existing consumers is at its most critical level.

74.     Furthermore, Chobani's false advertising and disparagement of Dannon and its Light & Fit® Greek brand is intended to coincide with the same period that Dannon has launched new sub-brands of Light & Fit® Greek products, namely, Light & Fit® Greek Mousse and Light & Fit® Greek Crunchers.

75.     Chobani's false advertising will therefore cause consumers to believe, incorrectly, that Dannon's Light & Fit® Greek brand is bad for them and contains unhealthy chemicals. These false claims and statements will erode the trust of existing Light & Fit® Greek consumers – the majority of whom are health-conscious individuals – and will interfere with Dannon's ability to attract new consumers during the vital first quarter of 2016.

76.    Chobani's false advertising will also materially impede Dannon's ability to successfully launch additional Light & Fit Greek® sub-brands.

77.    Dannon has maintained its Light & Fit® brand's integrity and secured the trust of its long-term consumers by virtue of its consistent offering of high-quality, healthy reduced-calorie products for nearly three decades, and Dannon has built trust in its products and brand generally for over seven decades.

78.    This brand trust is the most valuable intangible asset Dannon possesses. Brand success among the consuming public is very highly correlated to the degree of trust that the public has in the company and the specific characteristics of the product. Specifically, consumers are more likely to purchase, consume, and recommend a brand they trust over competing brands.

79.    Chobani's false advertising threatens to destroy the consumer trust that Dannon Light & Fit® has established over its decades-long history by its false statements that Dannon Light & Fit® products are "bad"; that they contain added chlorine; that they are unhealthy; that Dannon is hiding the true ingredients in its products; and that therefore, Dannon products should be discarded. It further threatens to destroy the consumer trust in general that Dannon has established over the past seven-plus decades.

80.    Research has shown that product safety is the number one attribute driving consumer choice about food and beverage products. As a result of Chobani's damage to perceptions of Dannon's food safety, consumers will likely reconsider their loyalty to Dannon, causing significant irreparable harm to Dannon's goodwill and reputation.

81.    Chobani's false advertising is also likely to harm consumers and overall public health. Chobani's false advertising is likely to cause consumers to believe, incorrectly, that Dannon's Light & Fit® Greek is bad for them and contains unhealthy chemicals.

82.     As discussed herein, sucralose has been found by over 100 safety studies to be safe and fit for human consumption.  For many, including consumers confronting diabetes, obesity, or dental problems, sucralose presents a healthy alternative to sugar.

83.     By falsely stating that sucralose is "bad stuff," and that chlorine of the type used in swimming pools is added to it, Chobani misleads consumers into believing that an ingredient that can be a healthy alternative to sugar is in fact an unhealthy and dangerous poison.

84.     Additionally, Chobani's false, negative claims about the products offered by a leading yogurt brand will significantly undermine consumer trust for yogurt products generally, which is harmful to consumers, whom are encouraged by the United States Department of Agriculture to regularly consume healthy dairy sources such as low-fat or fat-free yogurt as part of a healthy, balanced diet.

85.     As a result of the foregoing, Chobani's Simply 100 advertising campaign will irreparably harm Dannon and consumers. The immeasurable damage that would result from the loss of Dannon's current and potential customers, or that would result from the harm to brand reputation and goodwill that Dannon is likely to suffer as a result of Chobani's false and misleading advertising, cannot be calculated or repaired by mere monetary remedies.

86.     The only way to minimize the irreparable harm that Chobani's Campaign poses to Dannon and the public is for Chobani to be immediately enjoined from continuing to disseminate such false and misleading advertising. Every day that Chobani's false advertising continues to reach the public – especially during the crucial period of January through March, which is the entire period during which Chobani plans to run its Campaign – increases Dannon's risk of irreparable reputational injury, irreparable loss of consumer trust, and incalculable loss of sales.

87.     If Chobani's false advertising is allowed to continue through the entire twelve-week period for which it is intended, Dannon will lose any opportunity to mitigate its damages, and the harm caused will be irreversible. Chobani must be enjoined from continuing to disseminate its false, misleading, disparaging and unsubstantiated advertising immediately.

**FIRST COUNTERCLAIM**
**(False Advertising)**
**(15 U.S.C. § 1125(a))**

88.     Dannon repeats and re-alleges the allegations set forth in the preceding paragraphs with the same force and effect as if set forth fully herein.

89.     Chobani's false and misleading statements constitute false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

90.     Chobani has made false and misleading statements of fact concerning the nutrition, safety, and quality of both Chobani Simply 100 and Dannon Light & Fit® Greek.

91.     Chobani has disseminated the false and misleading statements described herein to the public through commercial advertising and promotion, and thus caused them to enter interstate commerce.

92.     Chobani's false and misleading statements of fact concerning the nutrition, safety, and quality of both Chobani Simply 100 and Dannon Light & Fit® Greek are material, and are likely to influence consumers' purchasing decisions.

93.     Chobani Simply 100 directly competes with the Dannon Light & Fit® Greek brand in the market for Greek yogurt and other relevant markets, and Chobani's false advertising claims have actually deceived or have a tendency to deceive a substantial number of consumers in the market.

94.     Chobani's false and misleading advertising has caused and continues to cause irreparable injury to the public and to Dannon's business, goodwill, and reputation, and Dannon has no adequate remedy at law.  Upon information and belief, Chobani's actions will continue if not enjoined.

95.     As a direct and proximate result of Chobani's false and misleading advertising, Dannon has incurred damages in an amount to be proven at trial.  Such damages include, among other things, lost sales, harm to Dannon's business reputation and goodwill, and harm to the value and goodwill associated with Dannon's brands generally, and its Light & Fit® Greek brand in particular.

96.     Chobani knew, or by exercise of reasonable care should have known, that the above-described advertising claims are false and/or misleading, and are likely to deceive the public.  Accordingly, Chobani's actions were willful, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

## SECOND COUNTERCLAIM
### (Product Disparagement under New York Common Law)

97.     Dannon repeats and re-alleges the allegations set forth in the preceding paragraphs with the same force and effect as if set forth fully herein.

98.     Chobani's false and misleading statements constitute product disparagement in violation of New York common law.

99.     Chobani has made several false or misleading statements about Dannon's products, including, but not limited to, Light & Fit® Greek nonfat yogurt, in New York as well as in other states, where Dannon competes directly with Chobani.

100.    Chobani publicized false or misleading statements about Dannon's products, including, but not limited to, Light & Fit® Greek nonfat yogurt, to millions of consumers in New York and in other states.

101.    Upon information and belief, Chobani's publication of false or misleading statements about Dannon's products was motivated by ill will toward Dannon, and Chobani knew that the information was false or at the very least acted with reckless disregard to the falsity.

102.    Dannon has suffered actual and specific damages to its business as a result of Chobani's conduct in an amount to be proven by evidence at trial, by reason of the loss of numerous customers (the nature of Dannon's business making it impossible to identify individually), the cost of producing advertising and taking other reactive measures to counter Chobani's misstatements, and harm to Dannon's goodwill caused by Chobani.

## THIRD COUNTERCLAIM
### (Deceptive and Unfair Trade Practices)
### (N.Y. General Business Law § 349)

103.    Dannon repeats and re-alleges the allegations set forth in the preceding paragraphs with the same force and effect as if set forth fully herein.

104.    Chobani's Campaign consists of consumer-oriented conduct.

105.    Chobani's false and deceptive advertising contains materially misleading statements of fact that concern the nutrition, safety, and quality of Dannon's products, including, but not limited to, Light & Fit® Greek.

106.    Chobani's false and misleading statements of fact are likely to deceive reasonable consumers about the nutrition, safety, and quality of Dannon's products as well as about the nutrition, safety, and quality of Chobani's products.  Such false and misleading statements also

affect consumers' dietary and nutritional choices in ways that can have negative health consequences.  Chobani's false and misleading statements thus threaten injury to the public and public health.

107.     As a direct and proximate result of Chobani's false and misleading advertising, Dannon has incurred damages in an amount to be proven at trial.  Such damages include, among other things, lost sales, harm to Dannon's business reputation and goodwill, and harm to the value and goodwill associated with Dannon's brands generally, and its Light & Fit® Greek brand in particular.

108.     Accordingly, and upon information and belief, the foregoing actions of Chobani constitute a knowing and willful violation of N.Y. Gen. Bus. Law § 349.

**FOURTH COUNTERCLAIM**
**(False Advertising)**
**(N.Y. General Business Law § 350)**

109.     Dannon repeats and re-alleges the allegations set forth in the preceding paragraphs with the same force and effect as if set forth fully herein.

110.     Chobani's Campaign consists of consumer-oriented conduct.

111.     Chobani's false and deceptive advertising contains materially misleading statements of fact that concern the health, nutrition, and safety of Dannon's products, including, but not limited to, Light & Fit® Greek.

112.     Chobani's false and misleading statements of fact are likely to deceive reasonable consumers about the nutrition, safety, and quality of Dannon's products as well as about the nutrition, safety, and quality of Chobani's products.  Such false and misleading statements also affect consumers' dietary and nutritional choices in ways that can have negative health

consequences.  Chobani's false and misleading statements thus threaten injury to the public and public health.

113.     As a direct and proximate result of Chobani's false and misleading advertising, Dannon has incurred damages in an amount to be proven at trial.  Such damages include, among other things, lost sales, harm to Dannon's business reputation and goodwill, and harm to the value and goodwill associated with Dannon's brands generally, and its Light & Fit® Greek brand in particular.

114.     Accordingly, and upon information and belief, the foregoing actions of Chobani constitute a knowing and willful violation of N.Y. Gen. Bus. Law § 350.

## PRAYER FOR RELIEF

WHEREFORE, Dannon prays for judgment as follows:

1.       For an Order and Judgment which:

(a)       Temporarily, preliminarily and permanently enjoins Chobani, its officers, agents, servants, and employees, and all persons in active concert and participation with it, including its affiliates, from disseminating the false and deceptive advertising claims described herein in any form or medium;

(b)       Requires Chobani to withdraw and/or retrieve all offending advertising materials from circulation; and

(c)       Requires Chobani to reimburse Dannon its actual costs of remedial advertising necessary to counteract the damage caused by Chobani's false advertising;

2.       For an order directing Chobani to account for, and to pay over to Dannon, all gains, profits, and advantages derived by Chobani from the above-described wrongful acts;

3.      For an award of monetary damages sustained by Dannon as a result of Chobani's unlawful conduct, in an amount to be proved at trial; and

4.      For an order multiplying or otherwise enhancing any award under paragraphs 2 and 3 directly above, pursuant to 17 U.S.C. § 1117, because of Chobani's willful and deliberate wrongdoing described herein; and

5.      For an award of punitive damages resulting from Chobani's state law violations in an amount to be proven at trial; and

6.      For an award of Dannon's costs of this action and its reasonable attorneys' fees incurred herein as authorized by 17 U.S.C. § 1117 and New York state law; and

7.      For an award of such other and further relief as this Court deems just and proper.


                                        Respectfully submitted,


Dated: January 11, 2015                 By: _____
                                        Chaim J. Jaffe
                                        Bar Roll No.: 507042
                                        **Scolaro Fetter Grizanti McGough & King P.C.**
                                        507 Plum Street, Suite 300
                                        Syracuse, NY 13204
                                        Phone: (315) 471-8111
                                        cjaffe@scolaro.com

                                        - and -

                                        Of counsel:
                                        Angel A. Garganta
                                        Marcella Ballard
                                        Randall K. Miller
                                        Michael C. Hartmere
                                        **Venable LLP**
                                        Rockefeller Center
                                        1270 Avenue of the Americas


                                    30

New York, NY 10020
Phone: (212) 370-6289
agarganta@venable.com
mballard@venable.com
rmiller@venable.com
mhartmere@venable.com

Attorneys for Defendant and Counterclaim Plaintiff
THE DANNON COMPANY, INC.