UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHOBANI, LLC,

                Plaintiff,

      -v-                                                3:16-CV-30

THE DANNON COMPANY, INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge

## ORDER

On January 8, 2016, plaintiff Chobani, LLC ("Chobani") filed this action against the Dannon Company, Inc. ("Dannon") seeking a declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, that none of the advertising claims made in a recent campaign violate § 43(a) of the Lanham Act or related New York state law. Dannon filed an answer and asserted counterclaims pursuant to the Lanham Act and related state law for false advertising and product disparagement.

Dannon now seeks a temporary restraining order pending the entry of a preliminary injunction along with an order directing interstitial, expedited discovery. Dannon's requested preliminary relief sweeps broadly, seeking to preclude Chobani not only from "disseminating or causing to be disseminated" a certain commercial and print advertisement, but also "any similar product claims relating to Dannon, in any form or medium" in connection with its current product advertising campaign.

A temporary restraining order is an extraordinary remedy that should only be granted if the movant can clearly show the need for one. See generally FED. R. CIV. P. 65(b). To obtain such relief, a plaintiff must establish that (1) it will suffer irreparable harm absent injunctive relief and (2) either (a) that it is likely to succeed on the merits or (b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party. See, e.g., Reckitt Benckiser Inc. v. Motomco Ltd., 2010 WL 3418493 at *1 (S.D.N.Y. Aug. 19, 2010).

Upon careful review of all of Dannon's submissions, the motion for a temporary restraining order will be denied. However, an expedited briefing schedule will be set for argument on the request for a preliminary injunction. In light of this truncated timeline, Dannon's request for expedited discovery will be denied as set forth below.

Therefore, it is

ORDERED that

1. Dannon's motion for a temporary restraining order is DENIED;

2. A hearing on Dannon's request for a preliminary injunction will be held on Tuesday, January 19, 2016 at 11:00 a.m.;

3. Chobani shall file and serve opposition papers, if any, by 12:00 p.m. on Thursday, January 14, 2016;

4. Dannon shall file and serve reply papers, if any, by 12:00 p.m. on Friday, January 15, 2016;

5. If Dannon nevertheless wishes to engage in expedited discovery in advance of this hearing, it should inform the Court of its request in writing so that the hearing on the preliminary injunction may be adjourned to a date in February 2016.

IT IS SO ORDERED.

_____
United States District Judge

Dated: January 11, 2016
       Utica, New York.