# THE GUARANTEE COMPANY OF NORTH AMERICA - USA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHOBANI, LLC,

                *Plaintiff,*

   v.

THE DANNON COMPANY, INC.,

                *Defendant.*

THE DANNON COMPANY, INC.,

                *Counter-Claimant,*

   v.

CHOBANI, LLC,

                *Counter-Defendant.*

---

BOND NO. 76109602

**PRELIMINARY INJUNCTION BOND**

3:16-CV-30

WHEREAS, by a Memorandum Decision and Order of Hon. David N. Hurd filed on the 29th day of January, 2016 the above named **THE DANNON COMPANY, INC.**, was granted a **PRELIMINARY INJUNCTION** enjoining **CHOBANI, LLC**, from doing things as more fully set forth in the Memorandum Decision and Order by virtue of the Federal Rules of Civil Procedure upon the posting of an undertaking in the sum of *ONE MILLION AND 00/100 ($1,000,000.00) DOLLARS*.

NOW, THEREFORE, *The Guarantee Company of North America - USA,* having an office and principal place of business for the State of New York at One Towne Square, Suite 1470, Southfield, Michigan 48076, as Surety, does hereby undertake that **THE DANNON COMPANY, INC.**, will pay to **CHOBANI, LLC**, so enjoined, such damages and costs not exceeding the sum of *ONE MILLION AND 00/100 ($1,000,000.00) DOLLARS*, as **CHOBANI, LLC** may sustain by reason of the Preliminary Injunction, if the Court shall finally decide that **THE DANNON COMPANY, INC.** was not entitled thereto: such damages and costs to be ascertained by a reference, or otherwise as the Court shall direct.

Dated: January 29th, 2016.

# THE GUARANTEE COMPANY OF NORTH AMERICA - USA

```
                              The Guarantee Company of North America - USA

                              By: _____
                                    WILLIAM J. PEDERSEN
                                    ATTORNEY-IN-FACT
```

SURETY ACKNOWLEDGEMENT

STATE OF NEW YORK       | SS:
COUNTY OF NEW YORK      |

On this 29th day of January in the year 2016, before me personally came **WILLIAM J. PEDERSEN** to me known, who being by me duly sworn, did depose and say that he resides in **New York, N.Y.**; that he is Attorney-in-Fact of **The Company**, the corporation described in and which executed the above instrument; that he knows the seal affixed to said instrument is such corporate seal; that it was affixed by order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

------------------------------------------------------------------------

**NEIL P PEDERSEN**
**NOTARY PUBLIC-STATE OF NEW YORK**
No. 01PE6236258
Qualified in New York County
My Commission Expires February 26, 2019



# THE GUARANTEE COMPANY OF NORTH AMERICA USA
Southfield, Michigan

## POWER OF ATTORNEY

**KNOW ALL BY THESE PRESENTS**: That **THE GUARANTEE COMPANY OF NORTH AMERICA USA**, a corporation organized and existing under the laws of the State of Michigan, having its principal office in Southfield, Michigan, does hereby constitute and appoint

*William J. Pedersen, Neil P. Pedersen*
*Offenhartz & Pedersen LTD.*

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise.

The execution of such instrument(s) in pursuance of these presents, shall be as binding upon **THE GUARANTEE COMPANY OF NORTH AMERICA USA** as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at the principal office.

The Power of Attorney is executed and may be certified so, and may be revoked, pursuant to and by authority of Article IX, Section 9.03 of the By-Laws adopted by the Board of Directors of **THE GUARANTEE COMPANY OF NORTH AMERICA USA** at a meeting held on the 31st day of December, 2003. The President, or any Vice President, acting with any Secretary or Assistant Secretary, shall have power and authority:

1. To appoint Attorney(s)-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof; and
2. To revoke, at any time, any such Attorney-in-fact and revoke the authority given, except as provided below
3. In connection with obligations in favor of the Florida Department of Transportation only, it is agreed that the power and authority hereby given to the Attorney-in-Fact includes any and all consents for the release of retained percentages and/or final estimates on engineering and construction contracts required by the State of Florida Department of Transportation. It is fully understood that consenting to the State of Florida Department of Transportation making payment of the final estimate to the Contractor and/or its assignee, shall not relieve this surety company of any of its obligations under its bond.
4. In connection with obligations in favor of the Kentucky Department of Highways only, it is agreed that the power and authority hereby given to the Attorney-in-Fact cannot be modified or revoked unless prior written personal notice of such intent has been given to the Commissioner – Department of Highways of the Commonwealth of Kentucky at least thirty (30) days prior to the modification or revocation.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of the Company adopted at a meeting duly called and held on the 6th day of December 2011, of which the following is a true excerpt:

RESOLVED that the signature of any authorized officer and the seal of the Company may be affixed by facsimile to any Power of Attorney or certification thereof authorizing the execution and delivery of any bond, undertaking, contracts of indemnity and other writings obligatory in the nature thereof, and such signature and seal when so used shall have the same force and effect as though manually affixed.



IN WITNESS WHEREOF, **THE GUARANTEE COMPANY OF NORTH AMERICA USA** has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 23rd day of February, 2012.

**THE GUARANTEE COMPANY OF NORTH AMERICA USA**

**STATE OF MICHIGAN**
**County of Oakland**

Stephen C. Ruschak, Vice President          Randall Musselman, Secretary

On this 23rd day of February, 2012 before me came the individuals who executed the preceding instrument, to me personally known, and being by me duly sworn, said that each is the herein described and authorized officer of The Guarantee Company of North America USA; that the seal affixed to said instrument is the Corporate Seal of said Company; that the Corporate Seal and each signature were duly affixed by order of the Board of Directors of

Cynthia A. Takai
Notary Public, State of Michigan
County of Oakland
My Commission Expires February 27, 2018
Acting in Oakland County

IN WITNESS WHEREOF, I have hereunto set my hand at The Guarantee Company of North America USA offices the day and year above written.

*Cynthia A. Takai*

I, Randall Musselman, Secretary of **THE GUARANTEE COMPANY OF NORTH AMERICA USA**, do hereby certify that the above and foregoing is a true and correct copy of a Power of Attorney executed by **THE GUARANTEE COMPANY OF NORTH AMERICA USA**, which is still in full force and effect.



IN WITNESS WHEREOF, I have thereunto set my hand and attached the seal of said Company this 29TH day of January, 2016

Randall Musselman, Secretary

*THE GUARANTEE COMPANY OF NORTH AMERICA USA*
*Home Office, Southfield, Michigan*
*STATUTORY BALANCE SHEET*
*December 31, 2014*

## ASSETS

| | |
|---|---:|
| Cash and Short-Term Investments | $ 47,679,979 |
| Marketable Securities | 143,314,160 |
| Premium and Agents Balances (under 90 days) | 4,093,819 |
| Reinsurance Receivable on paid losses | 1,099,947 |
| Accrued Interest and Dividends | 791,907 |
| Other Assets | 624,837 |
| Total Admitted Assets | $197,604,649 |

## LIABILITIES

| | |
|---|---:|
| Reserve for Losses and Loss Adjustment Expenses | $ 6,121,295 |
| Unearned Premium Reserve | 13,620,611 |
| Accrued Expenses | 1,909,439 |
| Ceded Reinsurance Premiums Payable | 936,756 |
| Taxes, Licenses and Fees Payable | 132,382 |
| Net Deferred Tax Liability | 2,084,050 |
| Funds Held | 6,210,635 |
| Other Liabilities | 316,593 |
| Total Liabilities | $ 31,331,761 |

## CAPITAL AND SUPLUS

| | |
|---|---:|
| Common Stock and Paid-In Capital | $144,020,970 |
| Surplus | 22,251,918 |
| Total Policyholders' Surplus | $166,272,888 |
| Total Liabilities, Capital and Surplus | $197,604,649 |

State of Michigan
County of Oakland

Stephen C. Ruschak being duly sworn, says: That he is the President & COO of The Guarantee Company of North America USA; that said company is a corporation duly organized, existing, and engaged in business as a surety by virtue of the laws of the State of Michigan, and has duly complied with all the requirements of the laws of said state applicable to said company and is duly qualified to act as surety under such laws; that said company has also complied with and is duly qualified to act as surety under the Act of Congress of July 30, 1947, as amended (6 U.S.C. 6-13); that the foregoing is a full, true and correct statement of the financial condition of said company on the 31st day of December 2014.

Sworn to before me this 27th day of February 2015.

*Cynthia A. Takai*
Notary

Stephen C. Ruschak, President & COO

Cynthia A. Takai
Notary Public, State of Michigan
County of Oakland
My Commission Expires February 27, 2018
Acting in Oakland County

## State of New York

## DEPARTMENT OF FINANCIAL SERVICES

### WHEREAS IT APPEARS THAT

The Guarantee Company of North America USA

**Home Office Address**          Southfield, Michigan

**Organized under the Laws of**  Michigan

has complied with the necessary requirements of or pursuant to law, it is hereby

licensed to do within this State the business of

accident and health, fire, miscellaneous property, water damage, burglary and theft, glass, boiler and machinery, elevator, animal, collision, personal injury liability, property damage liability, fidelity and surety, credit, motor vehicle and aircraft physical damage, marine and inland marine, marine protection and indemnity, residual value, credit unemployment, gap, prize indemnification, service contract reimbursement, legal services, involuntary unemployment and salary protection insurance, as specified in paragraph(s) 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 19, 20, 21, 22, 24, 26, 27, 28, 29, 30 and 31 of Section 1113(a) of the New York Insurance Law and also such workers' compensation insurance as may be incident to coverages contemplated under paragraphs 20 and 21 of Section 1113(a), including insurances described in the Longshoremen's and Harbor Workers' Compensation Act (Public Law No. 803, 69 Cong. as amended; 33 USC Section 901 et seq. as amended) to the extent permitted by certified copy of its charter document on file in this Department until July 1, 2016.



In Witness Whereof, I have hereunto set my hand and affixed the official seal of this Department at the City of Albany, New York, this 1st day of July, 2015

Anthony J. Albanese
Acting Superintendent

By   *Jacqueline Catalfamo*

Jacqueline Catalfamo
Special Deputy Superintendent

Original on Watermarked Paper