IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

CHOBANI, LLC

                    Plaintiff,

                                        Civ. Action No.
                                        3:16-CV-0030 (DNH/DEP)

        v.

THE DANNON COMPANY, INC.,

                    Defendant.
_____

THE DANNON COMPANY, INC.,

                    Plaintiff,


        v.

CHOBANI, LLC,

                    Defendant.
_____

## ORDER

        The confidentiality stipulation (Dkt. No. 68) executed by counsel for

the parties in this action, a copy of which is attached to and incorporated

herein by reference, pursuant to Rule 26(c) of the Federal Rules of Civil

Procedure, is hereby approved, subject to the following qualifications:

1)     Paragraph 20(b) of the stipulation shall not be construed to require the court to return any confidential materials filed in the action upon its completion.

_____

David E. Peebles
U.S. Magistrate Judge

Dated:     March 24, 2015
           Syracuse, NY

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHOBANI, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>THE DANNON COMPANY, INC.<br><br>   Defendant. | **CIVIL ACTION NO. 3:16-cv-00030-DNH-DEP**<br><br>**ECF Case**<br><br>**Hon. David N. Hurd** |
| THE DANNON COMPANY, INC.,<br><br>    Counterclaim Plaintiff,<br><br>v.<br><br>CHOBANI, LLC<br><br>    Counterclaim Defendant. | <u>**PROPOSED STIPULATED<br>CONFIDENTIALITY AGREEMENT AND<br>PROTECTIVE ORDER**</u> |

WHEREAS, Plaintiff/Counterclaim Defendant Chobani, LLC ("Chobani") and Defendant/Counterclaim Plaintiff The Dannon Company, Inc. ("Dannon") (collectively the "Parties" and individually a "Party") request that the Court issue a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

IT IS HEREBY ORDERED that the Parties, together with the Parties' respective parents, subsidiaries and other affiliated entities; the Parties' and each of their respective parents', subsidiaries' and other affiliated entities' successors, assigns, directors (or comparable office), officers, owners, employees, advisors, representatives, agents, experts and consultants; all third

parties providing discovery in this action; and all other interested persons with actual or constructive notice of this Stipulated Confidentiality Agreement and Protective Order ("Order") - will adhere to the following terms:

1.      **Definition of "Confidential Information."** "Confidential Information" means trade secrets and commercial information, the present disclosure of which to any person not authorized by this Order, in the good faith judgment of the designating Party, would reveal competitively sensitive information that should be maintained as confidential. Confidential Information includes, without limitation, trade secret and confidential information relating to sales, costs, pricing, profits, research, software, business plans, company financial information, confidential employment information, employment policies, customer identities, or internal procedures that are entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Confidential Information also includes information of a personal or intimate nature regarding an individual. The omission of any type of information from the preceding sentences of this paragraph does not imply that such information cannot qualify as Confidential Information, so long as the designating Party in good faith believes that it is confidential. In designating information as Confidential Information, the designating Party will make such a designation only as to that material that it in good faith believes contains Confidential Information.

2.      **Definition of "Outside Counsel Only" Material.** Confidential Information qualifies for designation as "Outside Counsel Only" if it contains: (a)  highly sensitive information relating to research, development, or production of products or services, including, without limitation, product specifications, compositions, formulas, and ingredients; (b) highly sensitive competitive, business, or research information, including, without limitation, research

and development knowledge and know-how, concepts, ideas, applications, discoveries, product innovations and future product launches; (c) highly sensitive financial information or marketing plans and forecasts, customer lists, pricing data, cost data, customer orders, or customer quotations; (d) pending or abandoned patent, trademark, and copyright applications, foreign or domestic, unless published or otherwise publicly available; or (e) such other documents, information, or material which contains Confidential Information or any other information that the producing Party reasonably believes is of such nature and character that the unauthorized disclosure of such information is likely to irreparably injure the producing Party. For example, "Outside Counsel Only" information may include, without limitation, financial and accounting information that is not publicly available, business and marketing plans or analyses, licenses, surveys, customer communications, meeting minutes, employment records, training materials, information obtained from a third party under a nondisclosure agreement, and similar information, provided that the materials qualify under the standard in this Paragraph 2.

3. **Designations of Confidential Information.** Any Party producing any document, thing, information, testimony, or other discovery material containing Confidential Information may designate it "CONFIDENTIAL" if the Confidential Information qualifies under the standard set forth in Paragraph 1, or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" if the Confidential Information qualifies under the standard set forth in Paragraph 2.

4. **Labeling of Confidential Information.** Designations for purposes of this Order shall be made in the following manner:

   a. With regard to Confidential Information in written material (including documents and transcripts of depositions or other testimony) and electronic

images (such as TIFFs or PDFs), each page should be marked with the designation described in Paragraphs 1–2 that is appropriate for that document.

b. With regard to Confidential Information in non-written material, such as electronically stored information, recordings, magnetic media, photographs, and things, a designation consistent with those set forth in Paragraphs 1–2 should be affixed to the material or its enclosing media or container in any reasonable manner.

c. In the event a producing Party elects to permit inspection of original documents or other material, no markings need to be made by the producing Party in advance of the inspection. During the inspection, all such documents or other material shall be considered as marked "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY." After selection by the inspecting Party of specified documents or material for copying, the producing Party shall make the appropriate copies, and the appropriate designations shall be placed on the specified documents or material prior to providing the copies to the inspecting Party.

d. Testimony given at a deposition or hearing and the resulting transcript will be treated as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY," and all Parties shall maintain the deposition or hearing transcript and information contained therein as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" until thirty (30) days after receipt of a copy of the transcript. Any Party desiring to maintain confidentiality more than thirty (30) days after receipt of a copy of the transcript must designate in writing before the thirty

(30) day period expires those portions of the transcript regarded as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY." All counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control with the appropriate designations. Nothing herein shall prevent inside counsel from attending any deposition, provided that advance notice of such attendance is given at least 48 hours prior to the scheduled starting time, and subject to the right of the opposing Party's counsel to request that inside counsel not be present during testimony regarding material already designated as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or which is reasonably expected to cover information that will be designated as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY."

5. **Persons qualified to receive "CONFIDENTIAL" material.** Until and unless either the Court rules otherwise or the designating Party agrees to withdraw or modify a "CONFIDENTIAL" designation, material designated as "CONFIDENTIAL" shall be maintained in confidence by the Party to whom such material is produced and shall not be disclosed to any person except:

a. Outside Counsel for the respective Parties, including each such Outside Counsel's respective clerical, litigation support, paralegal employees, and outside vendors or service providers (such as copy-service providers and document-management consultants) that such Outside Counsel hired and assigned to this matter. As used herein, "Outside Counsel" means attorneys

for the respective firms who have appearances entered in this action for their clients;

b.  Any Party to this action, such Party's officers, directors (or comparable office), in-house counsel (including their clerical, litigation support and paralegal personnel), and other employees who need to know such information in order to assist the Party's Outside Counsel with this action;

c.  A Party's insurer and counsel to those insurers;

d.  Experts retained by a Party (or its Outside Counsel) for the purpose of providing testimony who: (1) are not currently employed by the Party or any Party's competitor (or by the Party's or any Party's competitor's parent, subsidiary or other affiliated entity); (2) have not been employed by the Party or any Party's competitor (or by the Party's or any Party's competitor's parent, subsidiary or other affiliated entity) within the previous three years; and (3) at the time of their engagement, are not anticipated to become an employee of the Party or any Party's competitor (or by the Party's or any Party's competitor's parent, subsidiary or other affiliated entity); provided, however, that any such testifying expert has signed a Declaration in the form of Exhibit A, with a copy of the signed Declaration retained by counsel of record for the Party being assisted through the final disposition of this action, including appeals;

e.  Non-testifying experts and consultants retained by a Party (or its Outside Counsel) who: (1) are not currently employed by the Party or any Party's competitor (or by the Party's or any Party's competitor's parent, subsidiary or

other affiliated entity); (2) have not been employed by the Party or any Party's competitor (or by the Party's or any Party's competitor's parent, subsidiary or other affiliated entity) within the previous three years; and (3) at the time of their engagement, are not anticipated to become an employee of the Party or any Party's competitor (or by the Party's or any Party's competitor's parent, subsidiary or other affiliated entity); provided, however, that any such non-testifying expert or consultant has signed a Declaration in the form of Exhibit A, with a copy of the signed Declaration retained by counsel of record for the Party being assisted through the final disposition of this action, including appeals;

f.   The Court and authorized staff;

g.   Any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

h.   Court reporters, videographers, video-deposition synchronization services, interpreters, translators, copy services, exhibit preparation services, and database and/or coding services retained on behalf of any Party;

i.   Any author or original recipient of the Confidential Information;

j.   Witnesses at their deposition, subject to Paragraph 7; and

k.   Any other person, the disclosure to whom the designating Party has agreed in writing.

6.      **Persons qualified to receive "Outside Counsel Only" material.** Until and unless either the Court rules otherwise or the producing Party agrees to withdraw or modify a "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" designation, material designated

as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" shall be maintained in confidence by the Party to whom such material is produced and shall not be disclosed to any person except:

a. Outside Counsel for the respective Parties, including Outside Counsel's clerical, litigation support, paralegal employees, and outside vendors or service providers (such as copy-service providers and document-management consultants) that such Outside Counsel hired and assigned to this matter;

b. The persons designated in paragraphs 5(d), 5(e), 5(f), 5(g), 5(h), 5(i) and 5(j) of this Order; and

c. Any other person, the disclosure to whom the designating Party has agreed in writing.

**7.      Depositions.**

a. Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" may be disclosed to a witness at a deposition only if: (i) the witness is testifying as the designating Party's Rule 30(b)(6) corporate representative; (ii) the witness is currently an officer or employee of the designating Party; (iii) the witness was an author or original recipient of a document containing the Confidential Information or a custodian or other person who otherwise possessed or knew the Confidential Information; (iv) the witness is a testifying expert disclosed by the designating Party; or (v) disclosure to the witness is reasonably necessary, subject to the designating Party's consent, which shall not be unreasonably withheld.

b.   If a deposition concerns Confidential Information, the designating Party shall have the right to exclude from the portion of the deposition concerning such information any person not authorized under Paragraphs 5 and 6, above, to have access to such material.

8.     **Notice and Acknowledgment of Order.** Every person authorized under Paragraphs 5 and 6, above, to whom Confidential Information is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, first shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Order.

9.     **Inadvertent Failure to Designate Confidential Information.** The inadvertent failure of a Party to designate document, testimony, or other discovery material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" shall not constitute, or have the effect of, a waiver of any later claim that such material or any similar material should be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY." Good faith disclosure of such material by a receiving Party before such later designation, however, shall not be deemed a violation of the provisions of this Order. Upon receiving written notice of a failure to designate, a receiving Party shall reasonably cooperate to restore the confidentiality of the inadvertently or unintentionally disclosed material. The designating Party shall provide substitute copies bearing the corrected designation. The receiving Party shall make reasonable efforts to retrieve and replace the inadvertently or unintentionally disclosed material with the provided substitute copies and shall return or certify the destruction of the undesignated material in the receiving Party's possession, custody, or control.

10. **Challenged Designations.** If a Party concludes that any document, testimony, or other discovery material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" by another Party does not qualify for that level of designation, the non-designating Party shall first request in writing (e.g., by letter, email, or facsimile) that the designating Party withdraw or modify the current designation within five (5) court days. Such request shall identify the designated material that the receiving Party contends has been inappropriately designated and the reasons for its contention. If the designating Party does not agree to withdraw or modify the challenged designation within two (5) court days, the challenging Party and the designating Party shall meet and confer in good faith to resolve the issue without the need for Court intervention. If a disagreement remains and the designating Party does not agree to withdraw or modify the challenged designation within two (2) court days after the Parties have met and conferred, the Party challenging the designation may request by motion that the Court strike or modify the challenged designation, as appropriate. The Party asserting confidentiality shall bear the burden of establishing entitlement to such protection. The producing Party's good faith belief that a document or information is entitled to such a designation, standing alone, is insufficient to warrant protection. Any document or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" shall continue to be treated as such until either of the following occur: (1) the designating Party agrees to withdraw or modify the designation; or (2) the Court has ruled that the document or information is not entitled to the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY." Notwithstanding the foregoing, should a dispute concerning the propriety of a designation arise during the course of a deposition, the

prior-written-notice requirement shall not apply, and Court intervention may be sought immediately.

11. **Unauthorized Disclosure.** In the event of disclosure of any Confidential Information to a person not authorized to have access to such material, the Party responsible for having made, and any Party with knowledge of such disclosure, shall promptly inform Outside Counsel for the designating Party whose Confidential Information has thus been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The responsible Party shall also promptly take all reasonable measures to ensure that no further unauthorized disclosure or use of such information or materials is made. Each Party shall cooperate in good faith in that effort.

12. **Other Proceedings.** If Confidential Information in the possession, custody, or control of any receiving Party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body, or any other person or tribunal purporting to have the right to seek such information by compulsory process or discovery request, including private parties, the receiving Party to whom the process or discovery request is directed shall: (a) within three (3) calendar days after receipt thereof and, if permitted by the time allowed under the request, at least five (5) calendar days before any disclosure, give written notice by hand delivery, facsimile, or email of such process or discovery request together with a copy thereof, to counsel for the designating Party so that the designating Party may have an opportunity to appear and be heard on whether the requested information should be disclosed; (b) cooperate with respect to all reasonable procedures sought to be pursued by the designating Party with respect to such process or discovery request; and (c)

only make production or disclosure of such Confidential Information if the designating Party consents in writing to production or if the designating Party fails to move for a protective order or similar relief within the time allowed by the court, administrative body, or tribunal with jurisdiction over the process or request. Nothing in this Stipulated Protective Order shall prevent either Party from using the Confidential Information of the other Party in the case captioned *General Mills, Inc. v. Chobani, LLC*, Civil Action No. 3:16-cv-00058 (United States District Court for the Northern District of New York), including in response to a validly issued discovery request or subpoena served upon it by General Mills, Inc., provided that the producing Party complies with the terms of this paragraph.

13.     **Third Parties.** Any third party from whom discovery is sought in this action may, in accordance with this Order, designate some or all of its production as Confidential Information, and each receiving Party will have the same rights, obligations, and restrictions with respect to the third party's designations of Confidential Information as that receiving Party has with respect to the Confidential Information of any other producing Party.

14.     **Filing Confidential Information.** No Confidential Information or excerpts thereof shall be filed in the public record of this action by a receiving Party, unless any of the following occur: (1) the designating Party has withdrawn the designation in writing; or (2) the Party filing the Confidential Information files a Motion to Seal concurrently with the Court. The Parties agree to act in good faith and cooperate with one another to expedite compliance with the Local Civil Rules for filing Confidential Information and excerpts thereof. Any Party seeking to file Confidential Information obtained during discovery and subject to this protective order must file a Motion to Seal concurrently with the filing that contains the sealed information, redacted as necessary. Upon the filing of any such Motion to Seal, the court will make a determination as to

whether a sufficient showing has been made that the interests of parties in preserving the confidentiality of the information at issue sufficiently outweighs the public's interest in access to judicial documents in order to justify the requested sealing.

15.     **Non-Waiver.** Agreement to this Order is without prejudice to the right of any Party to seek an Order from this Court imposing further restrictions on the dissemination or handling of Confidential Information, or to seek to rescind, modify, alter, or amend this Order with respect to particular Confidential Information. Nothing in this Order shall abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Confidential Information. Nothing in this Order shall be construed as a waiver of any objections that a Party may have with regard to any designation, except as expressly provided herein. A receiving Party's acceptance of designated material shall not constitute an admission or concession or permit an inference that the material has been properly designated.

16.     **Inadvertent Production of Materials Protected by Privilege.**

   a. The inadvertent production by a Party of documents or information ("Materials") subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the producing Party's reasonable efforts to prescreen such Materials prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Materials is made promptly after the producing Party learns of its inadvertent production.

   b. Upon a request from a producing Party that has inadvertently produced Materials that it believes are privileged and/or protected, each Party who has

received such Materials shall immediately destroy the Materials and all copies thereof, or shall return the Materials and all copies thereof to the producing Party.

c.  Nothing herein shall prevent the Party that received such Materials from preparing a record for its own use containing the date, author, addresses, and the title of the inadvertently produced Materials, and only such other information as is reasonably necessary to identify and describe the Materials to the Court for the sole purpose of filing a motion to compel production.

17.  **Trial.** The Parties shall confer in good faith about appropriate procedures to protect Confidential Information at trial. If the Parties cannot agree, the Parties will seek approval from the Court before using Confidential Information at trial.

18.  **Restrictions Not Imposed.** The restrictions set forth in this Order shall not apply to:

a.  A Party's disclosure or use of its own Confidential Information for any purpose;

b.  Information or material that: (1) is already public knowledge; (2) has become public knowledge in a manner other than by violation of this Order; (3) was, is, or becomes in the receiving Party's possession independently of its production by the designating Party in a manner other than by violation of this Order; (4) is acquired by the receiving Party from a third party having the right to disclose such information or material; or (5) was lawfully possessed by a non-designating Party prior to the entry by the Court of this Order.

19. **Jurisdiction.** The recipient of any Confidential Information hereby agrees to subject him/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.

20. **Conclusion of Action.**

   a. This Order shall remain in full force and effect after the conclusion of this litigation, until canceled or otherwise modified by order of this Court, and this Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

   b. Within forty five (45) days after the conclusion of this action, including any appeals or petitions for review, all Confidential Information and any copies thereof shall be: (1) returned to counsel for the designating Party; or (2) at the option of the receiving Party, destroyed, in which case Outside Counsel for the receiving Party shall certify such destruction in writing to the designating Party. Subject to the terms of this Order, Outside Counsel may retain copies of all filed pleadings, papers, and deposition transcripts and exhibits for archival purposes.

21. **Information Used Exclusively for this Action.** The Confidential Information shared pursuant to this Order shall be used only in the prosecution or defense of this action and any related action within the meaning of General Order #12, including without limitation the case captioned *General Mills, Inc. v. Chobani, LLC*, Civil Action No. 3:16cv00058 (United States District Court for the Northern District of New York). Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information.

22.    **Parties' Agreement to Be Bound.** The Parties agree to be bound by the terms and conditions of this Order as of the date in which this Order is filed with the Court. This Order shall remain binding on the Parties while pending the Court's approval and endorsement.

**IT IS SO ORDERED.**

_____          _____
Date                                                    Magistrate Judge David E. Peebles

**WE ASK FOR THIS:**


VENABLE LLP                                      FOLEY HOAG, LLP

By: /s/ Randall K. Miller                      By: /s/ David A. Kluft

Angel A. Garganta                             Julia Huston (Bar Roll No. 518555)
Marcella Ballard                               David A. Kluft
Randall K. Miller (_admitted pro hac vice_)    Anthony E. Rufo
(Bar Roll 303217)                              155 Seaport Boulevard
Michael C. Hartmere                            Boston, MA 02210-2600
Rockefeller Center                             Telephone: (617) 832-1000
1270 Avenue of the Americas                    jhuston@foleyhoag.com
New York, NY 10020                             dkluft@foleyhoag.com
(212) 370-6289 (Telephone)                     arufo@foleyhoag.com
agarganta@venable.com
mballard@venable.com
rkmiller@venable.com
mhartmere@venable.com                          HARRIS BEACH PLLC

SCOLARO FETTER GRIZANI                         Douglas A. Foss (Bar Roll No. 601172)
MCGOUGH & KING, P.C.                           Svetlana K. Ivy (Bar Roll No. 516400)
                                               99 Garnsey Road
Chaim J. Jaffe (Bar Roll 507042)               Pittsford, New York 14534
507 Plum Street, Suite 300                     Telephone: (585) 419-8800
Syracuse, NY 13204                             Facsimile: (310) 359-8190
(315) 471-8111 (Telephone)                     dfoss@harrisbeach.com
cjaffe@scolaro.com                             sivy@harrisbeach.com

_Counsel to The Dannon Company, Inc._          _Counsel to Chobani, LLC_

# EXHIBIT A

## DECLARATION

I, _____, declare that:

1.       I have read the Stipulated Confidentiality Agreement and Protective Order (the "Order") agreed to by the Parties and ordered by the United States District Court for the Northern District of New York in the action *Chobani, LLC v. The Dannon Company, Inc.*, Civil Action No. 3:16-cv-00030 (DNH/DEP).

2.       Capitalized terms used in herein and not otherwise defined herein shall have the meanings ascribed to them in the Order.

3.       I understand the Order and agree to be bound by its terms.

4.       I shall keep confidential and I shall not disclose any Confidential Information to any person and I shall not use or permit the use of any Confidential Information by or for any purpose(s) other than those expressly permitted by the Order.

5.       I understand that the Confidential Information and my copies or notes relating thereto may only be disclosed to or discussed with persons permitted by the Order to receive such information and I will not otherwise disclose or discuss any Confidential Information.

6.       I shall return all Confidential Information in my possession or control, copies thereof, and notes that I have prepared relating thereto, solely to Outside Counsel at the law firm for the Party by whom or on whose behalf I am retained.

7.       I understand that a violation of the terms of the Order may be punishable by appropriate sanctions and may be treated as if contempt by an order of the Court.

8.	I hereby submit to the jurisdiction of the United States District Court for the Northern District of New York for the purpose of enforcement of the Order and waive any and all objections to jurisdiction and venue.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____			_____